**\*E-Filed 07/28/2010\***

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| TANIA GARCIA-LOPEZ, et al., | No. C 09-02592 RS |
| Plaintiffs, | **ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT** |
| v. | |
| MICHAEL AYTES, et al., | |
| Defendants. | |

## I. INTRODUCTION

The parties have filed cross motions for summary judgment arising from the denial of plaintiff's family-based visa petition by the United States Citizenship and Immigration Service (USCIS). Plaintiff Tania Garcia-Lopez submitted a visa petition on behalf of her husband and co-plaintiff, Fathi Abdel Ghani. USCIS denied the petition on the grounds that Ghani previously entered into a fraudulent marriage. Plaintiffs argue that the agency's actions were arbitrary and capricious and that the visa petition proceedings violated plaintiffs' due process rights because Garcia-Lopez was not permitted to cross-examine defendants' witness. Defendants (collectively, the Director of USCIS, Field Office Director of USCIS, Director of Department of Homeland Security and the U.S. Attorney General) argue that Garcia-Lopez did not have the right to cross-

1 examine defendants' witness during visa petition proceedings, and that the agency's actions were
2 not arbitrary and capricious. For the reasons stated below, defendants' Motion for Summary
3 Judgment is GRANTED and plaintiffs' Motion is DENIED.

## II.  STATUTORY AND REGULATORY FRAMEWORK

If a United States citizen seeks to acquire legal immigration status for an immediate relative, he or she may petition USCIS for a beneficiary to stay in this country. 8 C.F.R. § 204.1(a)(1). The citizen must file a Petition for Alien Relative form ("I-130"), which must be approved by the USCIS. *Id*. The beneficiary seeking a change in immigration status then files an application to become a permanent resident form ("I-485") with an Immigration Judge ("IJ"). 8 U.S.C.A. § 1255(e); 8 C.F.R. § 214.2(k)(10). Throughout the proceedings, the petitioner has the burden of proving that the beneficiary is eligible for citizenship. 8 U.S.C. § 1361.

After the filing of an I-130, USCIS is required to investigate the validity of the claimed marital relationship. 8 U.S.C. § 1154(b). If the beneficiary previously entered into a fraudulent marriage with the intent to gain immigration benefits, USCIS must deny the I-130 request. 8 U.S.C. § 1154(c). If USCIS discovers information relating to marriage fraud, the agency sends a Notice of Intent to Deny ("NOID") to the I-130 applicant. 8 C.F.R. § 103.2(b)(8)(iv). The NOID informs the applicant of the disparaging information and provides an opportunity to rebut. 8 C.F.R. § 103.2(b)(16)(i). If the beneficiary is accused of entering into a fraudulent marriage, the petitioner must present documentary or testimonial evidence to demonstrate that the beneficiary did not enter into the marriage for the primary purpose of evading immigration laws. 8 C.F.R. § 204.2(a)(1)(ii). After receiving a response to the NOID, the District Director of USCIS decides whether the I-130 petition should be approved. 8 C.F.R. § 204.1(e). The Director's decision may be appealed to the Board of Immigration Appeals ("BIA"). 8 C.F.R. § 1204.1.

## III.  FACTS

Ghani is a native citizen of Jordan who first entered the United States in August of 2000. Pls. Opp'n. to Defs. Mot. for Summ. J. and Pls. Cross-Mot. for Summ J., Exh. 1. In March of 2001, Ghani married a U.S. citizen, Celeste Winders. (AR 152.) Shortly thereafter, Winders filed an I-130 visa application on Ghani's behalf, but the couple separated before the visa process was

1 completed. (AR 143-44, 20.) When the couple failed to appear for two scheduled interviews with
2 USCIS, the agency denied Winders' I-130 petition for failure to prosecute. (AR 141.) In December
3 of 2004, Ghani and Winders began divorce proceedings, which were finalized on August 16, 2005.
4 (AR 113, 115-16.)

In July of 2005, Ghani was apprehended by Immigration and Customs Enforcement, and placed in immigration detention. (AR 61.) On August 12, 2005, Ghani was released from custody after posting a bond. *Id*. Sixteen days later, Ghani married plaintiff, Garcia-Lopez. (AR 111.) In November of 2005, Garcia-Lopez filed an I-130 petition with USCIS to classify Ghani as an immediate relative. *Id*. Subsequently, Ghani filed before an IJ an I-485 application for adjustment of status. *Id*.

On December 18, 2007, Garcia-Lopez received a NOID regarding the I-130, which included a sworn statement from Winders about her prior marriage to Ghani. (AR 107-10.) Winders claimed she and Ghani, on the basis of friendship and no more, entered into the marriage so Ghani could receive immigration benefits. (AR 107-10.) She also claimed she never lived with Ghani, and that she had a child by another man during her marriage to him. (AR 107-08.)

In response to the NOID Ghani submitted a sworn declaration providing details about his marriage to Winders and claiming that they had lived together for the first few months of their marriage. (AR 99-101.) Plaintiffs also submitted statements from three individuals who confirmed Ghani's marital relationship with Winders, and corroborated his claim that they lived together during the marriage. (AR 102-04.)

On July 11, 2008, USCIS denied Garcia-Lopez's visa petition because the agency determined that Ghani previously entered into a sham marriage. (AR 72-75.) USCIS relied on Winders' statement in support of this conclusion. *Id*. On appeal, the BIA affirmed the Director's decision on the grounds that it was supported by evidence in the record, and because the I-130 procedures did not violate due process. (AR 2-3.)

## IV. STANDARD OF REVIEW

A. <u>Summary Judgment</u>

1    Rule 56(c) of the Federal Rules of Civil Procedure provides that summary judgment "shall
2  be required forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file
3  together with the affidavits, if any, show that there is no genuine issue as to any material fact and
4  that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. Proc. 56(c).  The
5  moving party bears the burden of demonstrating the absence of a genuine issue of material fact.
6  *Celotex Corp. v. Cattrett*, 477 U.S. 317, 323 (1986).  If the moving party satisfies this initial burden,
7  it shifts to the non-moving party to present specific facts showing that there is a genuine issue for
8  trial.  Fed. R. Civ. Proc. 56(e); *Celotex*, 477 U.S. at 324.  "Only disputes over facts that might affect
9  the outcome of the suit under governing law" are material.  *Anderson v. Liberty Lobby, Inc.,* 477
10 U.S. 242, 248 (1986).  A genuine issue exists if the non-moving party presents evidence from which
11 a reasonable fact-finder, viewing the evidence in the light most favorable to that party, could resolve
12 the material issue in his or her favor.  *Id*. at 248-49.

### B.    The Administrative Procedure Act

A reviewing court may set aside an agency's final decision if it was "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with the law."  5 U.S.C. § 706(2)(A).  This standard of review is "highly deferential, presuming the agency action to be valid and [requires] affirming the agency action if a reasonable basis exists for its decision."' *Kern County Farm Bureau v. Allen*, 450 F.3d 1072, 1076 (9th Cir. 2006) (*quoting Indep. Acceptance Co v. California*, 204 F.3d 1247, 1251 (9th Cir. 2000)).  The Court may not substitute its own judgment for that of the agency.  *Id.* (*citing Marsh v. Or. Natural Res. Council*, 490 U.S. 360, 377 (1989)).

In the Ninth Circuit, the standard of review is "especially deferential in the context of immigration policy."  *Jang v. Reno*, 133 F.3d 1074, 1077 (9th Cir. 1997) (*citing Fiallo v. Bell,* 430 U.S. 787, 792 (1997)).  Agency action should be upheld even if it is "of less than ideal clarity," so long as "the agency's path may reasonably be discerned."  *Northwest Motorcycle Ass'n. v. U.S. Dept. of Agriculture*, 18 F.3d 1468, 1478 (9th Cir. 1994) (*citing Motor Vehicle Mfrs. Ass'n v. State Farm Mutual Ins. Co.,* 463 U.S. 29, 43 (1983)).  The agency need only show a "rational connection between the facts found and the choices made." *Id*.  A reviewing court must affirm an agency's fact

1  determination "unless the evidence is so compelling that no reasonable fact finder could fail to find
2  the facts were as [plaintiff] alleged." *Nakamoto v. Ashcroft*, 363 F.3d 874, 883 (9th Cir. 2004).

### V.  DISCUSSION

#### A.  <u>The USCIS Proceedings Did Not Deny Plaintiffs Procedural Due Process</u>

Plaintiffs argue that Garcia-Lopez should have been accorded the opportunity to cross-examine Winders during the visa petition process because that witness submitted a statement that lead to the denial of the I-130 application.  Since the denied I-130 is the basis for Ghani's removal, plaintiffs insist that the inability to cross-examine Winders constituted a deprivation of procedural due process.

During removal proceedings, the INA provides that an "alien shall have a reasonable opportunity to cross-examine witnesses presented by the Government."  8 U.S.C. § 1229a(b)(4). Although the Ninth Circuit has not explicitly decided whether Section 1229a applies to I-130 proceedings, the Court has determined that an alien is deprived of due process if the government does not make reasonable efforts to produce a witness for cross-examination during removal proceedings.  *Saidane v. INS*, 129 F.3d 1063, 1066 (9th Cir. 1997).  *See also, Baliza v. INS*, 709 F.2d 1231, 1234 (9th Cir. 1983) (determining that the government's decision to produce a witness or use a hearsay statement is not wholly unfettered); *Cunanan v. INS*, 856 F.2d 1373, 1375 (9th Cir. 1988) (remanding a BIA decision because the government did not make a reasonable effort to produce the alien's ex-wife, whose affidavit was used against the alien in a removal hearing).  The statute governing I-130 visa petitions makes no reference to Section 1229a, which suggests that aliens are not entitled to cross-examine government witnesses during the visa petition process.  8 U.S.C. § 1154.

Moreover, there is no indication that Section 1154 triggers the formal adjudication procedures set forth in the Administrative Procedure Act.  5 U.S.C.A. §§ 554, 556, 557 (statutes governing formal adjudication in administrative agencies).  An agency must employ formal adjudication procedures, including the opportunity for cross-examination, "in every case of adjudication required by statute to be determined on the record after opportunity for an agency hearing."  5 U.S.C.A. § 554; 5 U.S.C.A. § 556(d) (providing for cross-examination in formal

adjudication proceedings). However, "courts are not free to impose upon agencies specific procedural requirements that have no basis in the APA." *PBGC v. LTV Corp.*, 496 U.S. 633, 654 (1990) (*citing Vermont Yankee Nuclear Power Corp. v. Natural Res. Def. Council, Inc.*, 435 U.S. 519, 524 (1978)). Section 1154 does not require a "hearing" or "adjudication" at any stage of the application process, so nothing in the language of the statute suggests that the formal adjudication procedures of the APA apply. 8 U.S.C. § 1154. In this case, the record reflects that USCIS followed the exact procedures set forth in Section 1154.

Furthermore, only District Directors of USCIS have jurisdiction to approve visa petitions. 8 U.S.C. § 1154; 8 C.F.R. § 204.1(e)(1). The Ninth Circuit has held that "the authority to adjudicate immediate relative preference petitions properly rests with the Attorney General (who has, in turn delegated it to the district directors), and not with the BIA or the immigration judge." *Dielmann v. INS*, 34 F.3d 851, 853 (9th Cir. 1994) (*citing Dodig v. INS*, 9 F.3d 1418, 1420 (9th Cir. 1993)). Thus, the NOID procedures ensure that plaintiffs are provided an opportunity to refute evidence submitted by the government before the Director decides whether to grant the I-130 application. 8 C.F.R. § 103.2(b)(16)(i).

Accordingly, the government was not required to produce Winders for cross-examination during the I-130 application process. A petitioner's right to cross-examine witnesses during removal procedures does not necessarily establish the right to cross-examine witnesses at the visa-petition stage of the immigration process. Nothing in Section 1154 suggests that an alien is entitled to cross-examine government witnesses before the Director grants an I-130 application. Therefore, plaintiffs' procedural due process claims are denied.

B.   The USCIS Proceedings Did Not Deprive Plaintiffs of Substantive Due Process

Plaintiffs also argue that Sections 1153 and 1154 of the INA, and USCIS regulations 204.1 and 1204.1, deprived Garcia-Lopez of substantive due process. Plaintiffs maintain that the denied 1-130 petition may lead to removal proceedings, which could result in Garcia-Lopez's husband living outside of the United States. Plaintiffs contend that the I-130 statutory scheme infringes upon a fundamental right to "keep one's family together" and does not withstand strict scrutiny analysis. *Moore v. City of East Cleveland*, 431 U.S. 494, 499 (1977) (recognizing that "freedom of personal

choice in matters of marriage and family life" is one of the liberties protected by the Due Process Clause of the Fourteenth Amendment).

Plaintiffs' substantive due process claim is not ripe for judicial review. Under the APA, only "final agency action" is subject to judicial review. 5 U.S.C. § 704. An agency decision is "final" when "'the initial decisionmaker has arrived at a definitive position on the issue that inflicts an actual, concrete injury.'" *Darby v. Cisneros*, 509 U.S. 137, 144 (1993) (*quoting Williamson County Regional Planning Comm'n v. Hamilton Bank of Johnson City*, 473 U.S. 172, 193 (1985)). USCIS initiated removal proceedings against Ghani, but those proceedings have been administratively closed pending this Court's Summary Judgment ruling. Pls. Opp'n. to Defs. Mot. for Summ. J. and Pls. Cross-Mot. for Summ J., Exh. 2. Thus, there is no "final" action for this Court to review, and a violation of Garcia-Lopez's alleged substantive due process rights, if any, has not yet occurred.

Moreover, the Ninth Circuit held in *Morales-Izquierdo v. Dep't of Homeland Sec.*, that the right articulated in *Moore* is far removed from similar rights asserted in immigration cases. 600 F.3d 1076, 1091 (9th Cir. 2010). In *Morales*, the Ninth Circuit concluded that a deported alien could not assert the right of a U.S. citizen to "live with one's family." *Id*. To hold otherwise would "radically alter the status quo of our immigration law," and "cannot be gained by judicial fiat from an immediate court." *Id*. Therefore, plaintiffs' substantive due process claim, even were it ripe for review, lacks merit.

C.   The USCIS Proceedings Were Not Arbitrary or Capricious

The USCIS decision to affirm the denial of the I-130 petition was not arbitrary or capricious. As discussed above, the standard of review in immigration cases is highly deferential to the agency. *Jang*, 113 F.3d at 1077. Whether Ghani committed marriage fraud is a question of fact, which must be affirmed unless the evidence is so compelling that no reasonable fact finder could fail to find the facts were as plaintiff alleged. *Nakamoto*, 363 F.3d at 883.

Various documents in the record demonstrate that USCIS thoroughly considered the law and facts in reaching its decision. The BIA reasonably concluded that the information Ghani submitted did not overcome the probative strength of Winder's admission that she committed marriage fraud. (AR 2-4.) Additionally, the record contains contradictory statements made by Ghani, and the

unsworn letters from Ghani's friends lack any meaningful details about the Ghani-Winder relationship during the alleged marriage.  (AR 59, 102-04, 143, 149.)  The lack of photographs of the couple, letters between the couple, or statements from wedding attendants provided adequate reasons to discredit Ghani's allegations.  *Agyeman v. INS*, 296 F.3d 871, 882-83 (9th Cir. 2002) (listing the kind of evidence which suggests a bona fide marriage).  Therefore, the BIA's decision to uphold the denial of the I-130 petition must be affirmed.

## VI.  CONCLUSION

USCIS procedures for reviewing I-130 visa petitions did not violate plaintiffs' procedural or substantive due process rights.  The agency's actions here were neither arbitrary nor capricious.  Accordingly, plaintiff's Motion for Summary Judgment is DENIED, and defendant's Motion for Summary Judgment is GRANTED.

IT IS SO ORDERED.

Dated: 07/28/2010

RICHARD SEEBORG
UNITED STATES DISTRICT JUDGE